UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAZARO BUSTOS ABARCA, | ) | 1:04cv6562 OWW DLB HC |
| | ) | |
| Petitioner, | ) ) ) ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | (Document 1) |
| PAT L. VASQUEZ, | ) ) ) ) ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

PROCEDURAL HISTORY[1]

On October 3, 2002, in the Kern County Superior Court, a jury convicted Petitioner of (1) unlawful transportation or sale of methamphetamine, in violation of California Health and Safety Code section 11379; (2) possession of methamphetamine for sale, in violation of California Health and Safety Code section 11378; (3) possession of methamphetamine while armed with a firearm, in violation of California Health and Safety Code section 11370.1; and (4) possession of a firearm by a felon, in violation of California Penal Code section 12021(a)(1). The court found

---

[1] This information is derived from Petitioner's petition for writ of habeas corpus and Respondent's answer to the petition.

1

several aggravating prior convictions to be true. Petitioner was sentenced to a total term of 9 years imprisonment.

Petitioner appealed to the Fifth District Court of Appeal. On October 8, 2003, the court affirmed Petitioner's conviction and sentence.

Petitioner next filed a petition for review in the California Supreme Court. The court denied the petition on December 17, 2003.

Petitioner filed the instant federal petition for writ of habeas corpus in this Court on November 16, 2004. Petitioner alleges that the admission of evidence of a prior arrest pursuant to California Evidence Code section 1101(b) violated his rights to due process and a fair trial.

Respondent filed its answer on March 7, 2005.

Petitioner did not file a traverse.

## STATEMENT OF FACTS[2]

On June 15, 2002, Bakersfield CAL-METT[3] officers conducted a parole search of Petitioner's person and home. They also searched a white Nissan driven by Petitioner's girlfriend and apparently owned by Petitioner. Underneath the hood of the car officers found a total of 83.01 grams of methamphetamine and a brown paper bag containing a digital scale. In the trunk of the car officers found .31 grams of methamphetamine melted into tinfoil. Officers searched Petitioner and found .45 grams of methamphetamine in the right coin pocket of his pants, and 19.72 grams of methamphetamine in his left front pants pocket. There was $200 in Petitioner's wallet. Police also found in the residence pay owe sheets, two smoking pipes, black plastic baggies, and a shotgun with ammunition. Lying in plain view in the front yard was a plastic cylinder containing another 3.14 grams of methamphetamine.

///
///
///

---

[2] This statement of facts is taken from the October 8, 2003, opinion of the Fifth District Court of Appeal.

[3] California Multijurisdictional Methamphetamine Enforcement Team

## DISCUSSION

A.   Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Kern County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court

3

1  proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of
2  the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v.
3  Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply
4  because that court concludes in its independent judgment that the relevant state-court decision
5  applied clearly established federal law erroneously or incorrectly."  Lockyer, at 1175 (citations
6  omitted).  "Rather, that application must be objectively unreasonable."  Id. (citations omitted).

7       While habeas corpus relief is an important instrument to assure that individuals are
8  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392
9  (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a
10 criminal conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.
11 Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's
12 factual determinations must be presumed correct, and the federal court must accept all factual
13 findings made by the state court unless the petitioner can rebut "the presumption of correctness
14 by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115
15 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day,
16 110 F.3d 1380, 1388 (9th Cir. 1997).

17 C.     Admission of Evidence of Prior Arrest

18      Petitioner argues that he was denied his rights to due process and a fair trial by the trial
19 court's admission of a 1998 arrest for the possession and sale of methamphetamine.  During that
20 incident, Petitioner was pulled over while driving a car that he stated belonged to a friend.  RT
21 161-162, 164-166, 170.  A search of the car revealed a large amount of methamphetamine in the
22 trunk, a nine millimeter handgun and a registered letter in the trunk with Petitioner's name on it.
23 RT 167-169.  A search of Petitioner's person revealed a total of $663 in cash.  RT 166-167.

24      Generally, the admissibility of evidence is a matter of state law, and is not reviewable in a
25 federal habeas corpus proceeding.  Estelle v. McGuire, 502 U.S. 62, 68 (1991); Middleton v.
26 Cupp, 768 F.2d 1083, 1085 (9th Cir.), *cert. denied,* 478 U.S. 1021 (1985).  Nevertheless, there
27 can be habeas relief for the admission of prejudicial evidence if the admission was fundamentally
28 unfair and resulted in a denial of due process.  Estelle, 502 U.S. at 68; Pulley v. Harris, 465 U.S.

37, 41, 104 S.Ct. 871, 874 (1984); Walters v. Maas, 45 F.3d 1355, 1357 (9th Cir. 1995); Jeffries v. Blodgett, 5 F.3d 1180, 1192 (9th Cir. 1993), *cert. denied*, 510 U.S. 1191, 114 S.Ct. 1294 (1994); Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990). However, the failure to comply with state rules of evidence alone is neither a necessary nor a sufficient basis for granting federal habeas relief on due process grounds. Jammal v. Van de Kamp, 926 F.2d 918, 919-920 (9th Cir. 1991). Only if there are no permissible inferences that the jury may draw from the evidence can its admission rise to the level of a due process violation. Id. at 920. Intent is a permissible inference that the jury may draw from the evidence of prior bad acts. See Houston v. Roe, 177 F.3d 901, 910 n. 6 (9th Cir. 1999).

In denying his claim on appeal, the Fifth District Court of Appeal explained that the admission of evidence pursuant to Evidence Code section 1101(b) depends on the degree of similarity between the uncharged act and the charged offense, pursuant to People v. Ewoldt, 7 Cal.4th 380 (1994). Opinion, at 4. Once the court determines that a prior bad act is admissible, it must conduct a balancing of the probative value against its prejudicial impact pursuant to Evidence Code section 352. Opinion, at 4. Using these principles, the court "easily" concluded that the trial court did not abuse its discretion. It explained:

> Intent was a critical issue for the prosecution. Evidence of prior activity involving possession for sale was highly probative on that issue. (See e.g., People v. Pijal (1973) 33 Cal.App.3d 682, 691.) As noted by the trial court, there were sufficient similarities between the prior drug-related activity and the current charged crime. In each instance, appellant possessed large quantities of methamphetamine, apparently appeared to own a car he had registered or title for in someone else's name, and possessed a gun. Moreover, any prejudice flowing from the admission of such evidence was dissipated by the court's limiting instruction, which the jury is presumed to have understood and followed. (People v. McDermott (2002) 28 Cal.4th 946, 999).

Opinion, at 5.

The state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. The United States Supreme Court has never expressly held that it violates due process to admit other crimes evidence for the purpose of showing conduct in conformity therewith; the Supreme Court expressly declined to answer the question in Estelle v. McGuire, 502 U.S. at 75. See Garceau v. Woodford, 275 F.3d 769, 774-75 (9th Cir. 2001).

5

1    Petitioner argues that the circumstances of his prior arrest were "generic" because they
2 were not unusual or distinct, and thus the evidence only served to inform the jury that Petitioner
3 has a propensity for committing the charged offense.  According to Petitioner, the testimony
4 revealed that the amounts of methamphetamine found were consistent with sales, not personal
5 use, and that it was common for a person dealing to have a firearm or other weapon.

6    However, as the appellate court noted, "while the incidents here are not 'particularly
7 distinctive,' they need only be 'sufficiently similar [to the charged offenses] to support the
8 inference that the defendant 'probably harbored the same intent in each instance'" to be
9 admissible.  Opinion, at 5.  Indeed, the Ninth Circuit has upheld the admission of prior crimes or
10 bad acts where (1) there is sufficient proof that defendant committed the prior act, (2) prior act is
11 not too remote in time, (3) prior act is similar (if admitted to show intent), (4) prior act is used to
12 prove a material element, and (5) probative value is not substantially outweighed by prejudice.
13 See Walters v. Maas, 45 F.3d 355, 1357-58 (9th Cir. 1995) (upholding state admission of prior
14 on federal habeas review); see also United States v. Sneezer, 983 F.2d 920, 924 (9th Cir. 1992),
15 *cert. denied*, 114 S.Ct. 113 (1993).

16    Here, there is no dispute that Plaintiff committed the prior act, the 1998 arrest was not too
17 remote in time, it was used to prove the material elements of knowledge and intent, and the
18 probative value was not substantially outweighed by prejudice, especially given the large
19 amounts of methamphetamine found in the current offense.  As to similarity, each instance
20 included a vehicle with a "questionable ownership or identity," a large amount of
21 methamphetamine found in the vehicle, and a firearm.  Opinion, at 4.

22    Petitioner's claim is without merit and must be denied.

23                              RECOMMENDATION

24    Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
25 DENIED.

26    This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger
27 pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of
28 Practice for the United States District Court, Eastern District of California.  Within thirty (30)

days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:     December 9, 2005**          **/s/ Dennis L. Beck**
3b142a                                             UNITED STATES MAGISTRATE JUDGE